UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| J.O.<br><br>VERSUS<br><br>KEYANA NASH, *Individually, AND* STATE OF LOUISIANA, through the OFFICE OF JUVENILE JUSTICE | CIVIL ACTION NO.: 3:26-CV-00831<br><br>JUDGE: JOHN W. DeGRAVELLES<br><br>MAGISTRATE JUDGE: SCOTT D. JOHNSON |

## ANSWER WITH AFFIRMATIVE DEFENSES AND JURY DEMAND

**NOW INTO COURT**, through undersigned counsel, comes the Defendant, the State of Louisiana, through the Office of Juvenile Justice, (hereinafter "Defendant"), who answers the petition for damages for the alleged claims against it, as follows:

### FIRST AFFIRMATIVE DEFENSE

Relative to any state law claim of negligence against the Defendant, Defendant specifically pleads the comparative fault/negligence of Plaintiff and avers that the incident(s) in question was caused solely and/or partially due to the fault of Plaintiff, which said negligence on the part of Plaintiff should act as a bar or diminution of any damages to which Plaintiff may be otherwise entitled.

### SECOND AFFIRMATIVE DEFENSE

Any act by Keyana Nash that is ultimately found to constitute a sexual assault or battery under state law was an ultra vires act that the state did not delegate its the authority to do.

### THIRD AFFIRMATIVE DEFENSE

Inmate Plaintiff's damages, if any, are not of the nature or extent alleged. The Defendant avers that the inmate Plaintiff failed to mitigate any damages which he claims to have incurred.

### FOURTH AFFIRMATIVE DEFENSE

Any and all claims seeking monetary damages from Defendant are barred by the Eleventh Amendment.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff, through intentional and negligent acts and failure to act as a reasonable person, contributed to his own injuries or damages.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to compensatory damages because he has failed to show physical injury, pursuant to 42 U.S.C. §1997e(e).

**SEVENTH AFFIRMATIVE DEFENSE**

The Plaintiff is not entitled to attorney's fees and costs associated with this litigation.

**EIGHTH AFFIRMATIVE DEFENSE**

In the event that a judgment is rendered against Defendant, it plead the statutory limitation of liability, interest, and costs under La. Rev. Stat. 13:5106 and La. Rev. Stat. 13:5112, as well as any other statutory or jurisprudential limitation of liability applicable herein.

**NINTH AFFIRMATIVE DEFENSE**

The Defendant is entitled to immunity from liability under La. Rev. Stat. 9:2798.1 for policymaking or discretionary acts or omissions of public entities or its officers and employees.

**TENTH AFFIRMATIVE DEFENSE**

The Defendant asserts its right to any affirmative defense delineated in Fed. R. Civ. Pro. 8(c) not specifically enumerated herein.

**ELEVENTH DEFENSE**

Defendant herein has not been served in the manner according to law.

**TWELTH DEFENSE**

Plaintiff's claims are prescribed.

## THIRTEENTH DEFENSE

The State is not a "person" under 42 U.S.C. §1983.

## FOURTEENTH DEFENSE

Respondeat superior is not available for all claims.

## FIFTEENTH DEFENSE

The inmate plaintiff failed to exhaust administrative remedies as to every claim he is bringing in this lawsuit.

## JURY DEMAND

The answering Defendant asserts they are entitled to a trial by jury, and request same.

***The Defendant expressly reserves the right to assert other affirmative defenses as discovery proceeds.***

AND NOW, in response to the specific paragraphs of the petition for damages, Defendant states as follows:

1.

In response to Paragraphs 2-4 of the Plaintiff's petition for damages, the Defendant admits that J.O. was a juvenile offender incarcerated at Acadiana Center for Youth, Bunkie LA. Defendant denies that J.O. was incarcerated between March 2024 and July 2025 for lack of information or knowledge. Defendant further denies any allegation of sexual misconduct.

2.

In response to Paragraph 5 of the petition for damages, the Defendant admits that Keyana Nash worked as a Juvenile Justice Specialist at Acadiana Center for Youth at Bunkie. Defendant denies that Keyana Nash was employed at the Acadiana Center for Youth between March 2024 and July 2025 for lack of information or knowledge.

3.

Defendant denies the allegations made in paragraph 6.

4.

Defendant denies the allegations made in paragraph 7.

5.

Defendant denies the allegations made in paragraph 8.

6.

Defendant denies any allegation made in paragraph 9 that any "write up" against J.O. was part of a "scheme" or effort to coerce J.O..

7.

Defendant denies the allegations made in paragraph 10. Defendant further avers that any deployment of chemical agent against J.O. was in an effort to restore order and discipline to the facility.

8.

Defendant denies the allegations made in paragraph 11 for lack of information or knowledge.

9.

Defendant denies the allegations made in paragraph 12 for lack of information or knowledge. Further, Plaintiff's citation to Exhibit A-May 29, 2025, Juvenile Court Transcript 7:18-26 does not further elucidate this allegation as the language in the transcript is vague or ambiguous.

10.

Defendant denies the allegations made in paragraph 13 for lack of information or knowledge. Further, Plaintiff's citation to Exhibit A-May 29, 2025, Juvenile Court Transcript

7:18-26 does not further elucidate this allegation as the language in the transcript is vague or ambiguous.

11.

Paragraph 14-21 of the petition for damages does not appear to require a response from the Defendant. To the extent a response is deemed necessary, any and all allegations of liability or wrongdoing on the part of Defendant are denied.

12.

Defendant denies the allegations contained in Paragraph 22 of Plaintiff's petition for damages.

13.

Defendant denies the allegations made in paragraph 23 for lack of information or knowledge.

14.

Paragraph 24-25 of the petition for damages does not appear to require a response from the Defendant. To the extent a response is deemed necessary, any and all allegations of liability or wrongdoing on the part of Defendant are denied.

15.

Defendant denies the allegations made in paragraph 26.

16.

Defendant denies the allegations made in paragraph 27 for lack of information or knowledge.

17.

Defendant denies the allegations made in paragraph 28 for lack of information or

knowledge.

18.

Defendant denies the allegations made in paragraph 35 for lack of information or knowledge.

19.

Defendant denies the conclusion of law made in paragraph 36.

20.

Paragraph 37 is denied to the extent a response is deemed necessary and any and all allegations of liability or wrongdoing on the part of Defendant is denied.

21.

Defendant denies the allegations made in paragraph 38.

22.

Defendant denies the allegations made in paragraph 39.

23.

Defendant denies the conclusion of law made in paragraph 40.

24.

Paragraph 41 is denied to the extent a response is deemed necessary and any and all allegations of liability or wrongdoing on the part of Defendant is denied.

25.

Paragraph 42-46 of the petition for damages does not appear to require a response from the Defendant. To the extent a response is deemed necessary, any and all allegations of liability or

wrongdoing on the part of Defendant are denied.

WHEREFORE, the Defendant, the State of Louisiana, through Office of Juvenile Justice, prays that its Answer and affirmative defenses be deemed good and sufficient, and that after due proceedings are had, there be judgment entered in its favor, and against the Plaintiff, dismissing the petition for damages, with prejudice, and at the Plaintiff's costs, for the Defendant's attorneys' fees, and for all general and equitable relief.

Respectfully submitted,

**LIZ MURRILL**
**ATTORNEY GENERAL**

BY: [signature]

Andrew C. Levie (#41837)
Assistant Attorney General
Louisiana Department of Justice
Litigation Division, Civil Rights Section
1885 North Third Street, Fourth Floor
Post Office Box 94005
Baton Rouge, Louisiana (70804-9005)
Telephone: 225-326-6300
Facsimile: 225-326-6495
E-mail: leviea@ag.louisiana.gov

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 24th day of August, 2026, the above entitled pleading was filed electronically with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all parties who participate in electronic filing by operation of the Court's electronic filing system and by placing a copy of same in the U.S. Mail addressed to pro-se defendant at the address listed below.

**Keyana Nash**
1514 Weems Ave.
LeCompte, LA 71346
keyananash@gmail.com
*Pro-se Defendant*

**Andrew C. Levie**