**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**J.O.**

**VERSUS** **3:26-cv-00831-JWD-SDJ**

**KEYANA NASH, *Individually*, AND STATE OF LOUISIANA, through the OFFICE OF JUVENILE JUSTICE**

---

# JOINT STATUS REPORT

---

## A. JURISDICTION

Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 based on claims arising under 42 U.S.C. § 1983 (Fourteenth and Eighth Amendments), along with Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367 for state law tort claims under La. C.C. Art. 2315.

## B. BRIEF EXPLANATION OF THE CASE

**Plaintiff claims:** Plaintiff J.O. claims that while incarcerated at the Acadiana Center for Youth (Bunkie, LA), Defendant Keyana Nash, acting under color of state law, subjected him to repeated sexual abuse, sexual assault, and battery, in violation of 42 U.S.C. § 1983 and La. C.C. art. 2315. Plaintiff claims Defendant Nash coerced him by issuing false disciplinary write-ups to extend his incarceration and facilitate continued abuse. Plaintiff also claims the State of Louisiana, through the Office of Juvenile Justice, is vicariously liable under state law respondeat superior Plaintiff seeks compensatory damages from the employer, State of Louisiana through vicarious liability and punitive damages and attorney’s fees from Keyana Nash.

**Defendant Keyana Nash claims:** I plead the Fifth.

**Defendant State of Louisiana claims:** Plaintiff alleges that between March 2024 and July 2025 he was incarcerated as a juvenile at the Acadiana Center for Youth in Bunkie Louisiana, a facility operated and maintained by the Louisiana Office of Juvenile Justice. Plaintiff alleges that he was sexually assaulted by Juvenile Justice Specialist Keyana Nash while incarcerated at the ACY facility. Defendant OJJ denies that JJS Keyana Nash sexually assaulted Youth J.O. at any time. Defendant OJJ further asserts that it acted in accordance with governing Louisiana Law and internal policy at all times. Defendant OJJ further asserts that OJJ was never put on notice by Youth J.O that any incident of sexual misconduct occurred.

**C. PENDING MOTIONS**

Defendant Keyana Nash file [9]Motion to Stay Civil Proceedings, for which Plaintiff intends to file an opposition brief.

**D. ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

**<u>Plaintiff:</u>**

1. Whether Defendant Keyana Nash violated Plaintiff's Eighth and Fourteenth Amendment rights under 42 U.S.C. § 1983 through sexual abuse and coercion.

2. Whether Defendant Keyana Nash committed sexual assault, battery, and intentional infliction of emotional distress under Louisiana Civil Code Art. 2315.

3. Whether the State of Louisiana, through the Office of Juvenile Justice, is vicariously liable for the intentional delicts committed by Keyana Nash within the scope of her employment under State law.

4. Whether the office of OJJ was negligent under State law in supervising Nash.

5. The nature, scope, and extent of Plaintiff's damages, including mental/psychological damages, punitive damages against Defendant Nash, interest, and attorney's fees pursuant to 42 U.S.C. § 1988.

6. Plaintiff believes that the State of Louisiana will intend to transfer this case to the Alexandria Division of the Western District of Louisiana. Plaintiff will oppose such a motion. Plaintiff filed suit in the 19th JDC because the OJJ is headquartered here and it is much less likely that jurors will have any knowledge of the facts of the case. Investigators who conducted their investigation work and live in the Baton Rouge area. Expert witnesses coming from out of the state can travel more easily to Baton Rouge than to Alexandria, Louisiana. The plaintiff lives in Baton Rouge. As the federal system encourages depositions by ZOOM, any fact witnesses can be deposed from Baton Rouge. Finally, both attorneys work in Baton Rouge, Louisiana.

**Defendant Keyana Nash:**

I plead the Fifth.

**Defendant State of Louisiana:**

1. The U.S. Western District Court is a more convenient venue for this action.

2. Keyana Nash did not sexually assault Youth J.O. at any time, nor was OJJ ever notified of any allegations that make the claims of this lawsuit prior to the filing of the lawsuit.

3. Defendant OJJ further asserts that it acted in accordance with governing Louisiana Law and internal policy at all times.

4. The Louisiana Office of Juvenile Justice exercised reasonable care in operating juvenile detention facilities.

5. The Louisiana Office of Juvenile Justice exercised reasonable care in supervising its employees.

6. The Louisiana Office of Juvenile Justice exercised reasonable care in training its employees.

**E. DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

1. **Plaintiff's calculation of damages:**

    - Compensatory Damages against the state are currently capped at $500,000. There is no cap against Nash under 42 USC 1983.

- Exemplary/punitive damages against Defendant Keyana Nash individually for malice and reckless indifference.

- Reasonable attorney's fees, litigation expenses, and interest under 42 U.S.C. § 1988 against Defendant Nash.

- Judicial interest from date of judgment and court costs.

2. **Defendant Keyana Nash's calculation of offset and/or plaintiff's damages:**

   I plead the Fifth.

3. **Defendant State of Louisiana's calculation of offset and/or plaintiff's damages:**

   Defendant denies that the Plaintiff suffered any compensable damages. Moreover, and only in the alternative, Defendant avers that Plaintiff has not suffered any compensable damages which can be attributed to the Defendant. Further, Defendant denies that the Plaintiff is entitled to the relief requested. To the extent that any relief is available, any state claims are subject to statutory caps and plaintiff's contributory negligence.

4. **Counterclaimant/cross claimant/third party's calculation of damages:**

   N/A

**F. SERVICE:**

None. Both defendants have been served and answered.

**G. DISCOVERY**

1. **Initial Disclosures:**

   **A. Have the initial disclosures required under FRCP 26(a)(1) been completed?**

   [ ] YES [**X**] NO

   **B. Do any parties object to initial disclosures?**

   [**X**] YES [ ] NO

   *For any party who answered yes, please explain your reasons for objecting:*

   **Defendant Nash**: I plead the Fifth.

2. **Briefly describe any discovery that has been completed or is in progress:**

**By plaintiff(s):** Plaintiff has obtained Juvenile Court transcripts and PREA regulation guidelines. Plaintiff intends to seek third-party discovery from the Avoyelles Parish Sheriff's Office concerning seized records/journal and the criminal file from the Avoyelles Parish District Attorney once Nash's criminal trial has concluded.

**By Defendant Keyana Nash:**
I plead the Fifth.

**By Defendant State of Louisiana, through the Office of Juvenile Justice:**
No discovery has been completed yet.

3. **Briefly describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery:**

4. **Discovery from experts:**

   **Plaintiff** intends to hire John Peters, PhD, an expert on penal institutions and PREA; and Dr. Kathryn Ambeau, PhD, a forensic psychologist, who specializes in sexual trauma, for damages.

   **By Defendant Keyana Nash:** I plead the Fifth.

   **By Defendant State of Louisiana:**
   The State intends to hire expert witnesses but has not yet identified these witnesses.

## H. PROPOSED SCHEDULING ORDER

Defendant Nash filed a Motion to Stay Civil Proceedings and pled the Fifth for any discovery so deadlines are proposed in this report.

## I. TRIAL

1. **Has a demand for trial by jury been made?**

   [**X**] YES [ ] NO

2. **Estimate the number of days that trial will require:** _____5______ days.

## J. OTHER MATTERS

Are there any specific problems the parties wish to address at the scheduling conference?

[ ] YES [**X**] NO

i. If the answer is yes, please explain:

**ii.** If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report? **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

[ ] YES [**X**] NO

**K. SETTLEMENT**

1. **Please set forth what efforts, if any, the parties have made to settle this case to date:**

   None to date.

2. **Do the parties wish to have a settlement conference:**

   [] YES [**X**] NO

   *If your answer is yes, at what stage of litigation would a settlement conference be most beneficial?*

**L. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge.

Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[] YES [**X**] NO

**Report dated:** October 15, 2026

Respectfully submitted,

*/s/Joseph J. Long*
Joseph J. Long (LA Bar Roll #25968)
Ryan T. Hau (LA Bar Roll #41776)
251 Florida Street, Suite 308
Baton Rouge, Louisiana 70801
(225) 343-7288 (telephone)
JOE@LEGAL225.COM
RYAN@LEGAL225.COM

***Attorneys for Plaintiff J.O.***

*/s/Keyana Nash*
Keyana Nash
1514 Weems Ave.
LeCompte, LA 71346
keyananash@gmail.com

***Pro Se Defendant, Keyana Nash***

LIZ MURRILL ATTORNEY GENERAL

*/s/ Andrew C. Levie*
Andrew C. Levie (#41837)
Assistant Attorney General
Louisiana Department of Justice
Litigation Division, Civil Rights
1885 North Third Street, Third Floor
Baton Rouge, Louisiana 70802
Telephone: 225-326-6300
Facsimile: 225-326-6494
E-mail: LevieA@ag.louisiana.gov

***Attorney(s) for Defendant***
***State of Louisiana, through the Office of Juvenile Justice***