**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**J.O.**

**VERSUS** **NO. 3:26-cv-00831-JWD-SDJ**

**KEYANA NASH, *Individually*, AND STATE OF LOUISIANA, THROUGH THE OFFICE OF JUVENILE JUSTICE**

---

**MEMORANDUM IN OPPOSITION TO STAY (R. DOC. 9)**

---

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, J.O., who respectfully submits this memorandum in opposition to the *Motion to Stay Civil Proceedings Pending Resolution of Ongoing Criminal Case* (R. Doc. 9) filed by Defendant Keyana Nash.

## I. INTRODUCTION

Ms. Nash, who is proceeding *pro se*, asks the Court to stay "all proceedings in this civil action until the related criminal matter has been resolved." (R. Doc. 9, ¶ 8.) The request reaches every claim and every party, including the State of Louisiana, through the Office of Juvenile Justice ("OJJ"), which has not joined the motion. Ms. Nash supports the request with ten conclusory paragraphs. She does not identify the criminal docket, the status of any prosecution, or when it might end. (*Id.* ¶¶ 1-10.)

Plaintiff does not dispute that Ms. Nash may invoke her Fifth Amendment privilege or that the Court may protect it. Ms. Nash denied that her criminal prosecution involved J.O. (R.Doc. 1-1,Nash’s Answer ¶17) However, Plaintiff does not oppose a limited order, for a defined period, deferring Ms. Nash's deposition and other discovery that would require her own testimony. Plaintiff opposes the stay of the entire case. Ms. Nash has not

carried her burden to justify that extraordinary remedy, and a stay would pause Plaintiff's claims against OJJ, whose defense turns on its own records and the testimony of its own supervisors and staff, not on Ms. Nash's testimony.

## II. BACKGROUND

### A. Plaintiff's claims

J.O. was a youth offender housed at the Acadiana Center for Youth ("ACY") in Bunkie, Louisiana, a facility operated by OJJ. (R. Doc. 1-1, pp. 1-9, Petition ¶ 4) Ms. Nash worked at ACY as a Juvenile Justice Specialist. (*Id.* ¶ 5.) J.O. alleges that between February and May 2025, Ms. Nash sexually abused him, including sexual intercourse on five occasions, and that she issued repeated disciplinary write-ups to keep him in custody so the abuse could continue. (*Id.* ¶¶ 6-10.) He alleges that the two communicated in person and by the facility's inmate telephone, that he called the facility's PREA hotline repeatedly without result, that ACY later removed its PREA informational signs, and that he reported the abuse to his OJJ counselor. (*Id.* ¶¶ 6, 11-13.) He also alleges that two other ACY Juvenile Justice Specialists were arrested in 2025 for the same offense. (*Id.* ¶¶ 27, 41-42.)

J.O. asserts four causes of action: (1) a claim under 42 U.S.C. § 1983 against Ms. Nash individually; (2) sexual battery and sexual assault under La. Civ. Code art. 2315 against Ms. Nash, with OJJ vicariously liable for her intentional delicts; (3) intentional infliction of emotional distress, and (4) negligence of the State, through OJJ, in supervising ACY staff and responding to sexual misconduct at the facility. (*Id.* ¶¶ 29-43.)

### B. The criminal matter

Ms. Nash was arrested on May 12, 2025, and charged with malfeasance in office – sexual conduct, under La. R.S. 14:134.1. (R. Doc. 1-1, pp. 1-9, Petition, ¶ 17. R. Doc.

1-1, pp. 71-75, Nash's Answer to Petition). Ms. Nash's motion describes the criminal matter only as pending in Avoyelles Parish, "Criminal Case No. unknown." (R. Doc. 9, p. 1, ¶ 2.) It does not identify a bill of information or indictment, the court in which any charge is pending, or any trial date or other setting.

### C. Ms. Nash's litigation of the merits

Plaintiff filed this suit in the 19th Judicial District Court on May 27, 2026, and it was removed to this Court on July 31, 2026. (R. Doc. 1.) Before removal, on June 24, 2026, Ms. Nash filed an answer in state court. She did not invoke the privilege. She denied each allegation and set out her defense in detail, including her shift schedule, the facility's camera coverage and staffing practices, an account of an April 2025 contraband incident that she offers as J.O.'s motive to accuse her, and her statement that she has witnesses who will support her. (R. Doc. 1-1, pp. 71-75, Nash's Answer, ¶¶ 6-8, 15, 37.) She closes by asserting that she possesses "evidence and factual support demonstrating that the alleged incidents did not occur." (*Id.* p.75) In the Joint Status Report, Ms. Nash took the opposite approach. She answered every section, with the words "I plead the Fifth." (R. Doc. 10, §§ B, D, E, G.)

## III. LAW AND ARGUMENT

### A. Standard

A court has the general discretionary power to stay proceedings before it in control of its docket and in the interests of justice. Even discretionary stays, however, will be reversed when they are immoderate or of an indefinite duration. *In re Ramu Corp.*, 903 F.2d 312, 314 (5th Cir. 1990)

"The simultaneous prosecution of civil and criminal actions is generally

unobjectionable." *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 667 (5th Cir. 1981).

A stay is warranted only in "special circumstances" and to avoid "substantial and irreparable prejudice." *Little Al*, 712 F.2d at 136 (citing *First Fin. Grp.*, 659 F.2d at 668).

The granting of a stay of civil proceedings due to pending criminal investigation is an extraordinary remedy, not to be granted lightly. *United States v. Simcho*, 326 F. App'x 791, 791 (5th Cir. 2009).

The party seeking a stay bears the burden of showing that a stay is warranted. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983).

A stay is also not the only tool. The Fifth Circuit has recognized that in some cases "it may be preferable for the civil suit to proceed," and that "[i]n the proper case the trial judge should use his discretion to narrow the range of discovery." *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962).

Courts within the Fifth Circuit consider six factors in determining whether a civil action should be stayed due to the existence of a related criminal matter, including (1) the extent to which the issues in the criminal case overlap those presented in the civil case; (2) the status of the criminal case (including whether the defendant has been indicted); (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to the plaintiff that might result from delay; (4) the private interests of and burden on the defendants; (5) the court's interests; and (6) any public interest issues. *Eustice v. Louisiana*, 2020 U.S. Dist. LEXIS 5724, at *6 (M.D. La. Jan. 14, 2020).

**B. Ms. Nash has not carried her burden.**

Ms. Nash's motion states, in general terms, that a criminal matter is pending, that it involves "facts and/or circumstances that are related to" this case, and that proceedings could prejudice her. (R. Doc. 9, ¶¶ 3-6.) The motion is not accompanied by a

memorandum, *see* M.D. La. LR 7(d), and it does not address any of the six factors. It does not identify the criminal docket number, the charging instrument, the status of the prosecution, or when it might end. (*Id.* ¶ 2.)

This Court has denied stays on records that provided more information. In *Eustice*, the Court denied a pro se litigant's motion to stay pending a state criminal charge where the Court was "unaware of its status at this time" and was "not inclined to grant an open-ended stay." 2020 U.S. Dist. LEXIS 5724, at 6-7. Ms. Nash's motion offers less than the motions in *Eustice.*

Plaintiff recognizes that Ms. Nash is proceeding *pro se* and that her filings are construed liberally. Liberal construction does not supply facts that are missing from the motion, and it does not shift the burden to Plaintiff. It does not relieve the defendant the burden of filing an accompanying memorandum explaining her reason for her motion, pursuant to Local Rule 7.

**C. The six factors do not support a stay of the entire case.**

**1. The overlap is limited to Ms. Nash's own testimony.**

In *Eustice*, the Court agreed that most of the plaintiff's claims were unrelated to his criminal charge and found minimal overlap because the related claims were only a small portion of the case. 2020 U.S. Dist. LEXIS 5724, at *7. The analysis here proceeds the same way, claim by claim. The question is whether the discovery needed in this case would require Ms. Nash to incriminate herself. For most of the case, it would not.

Count 4 alleges that OJJ was negligent in supervising ACY staff and in responding to sexual misconduct at the facility. (Petition ¶¶ 41-43.) OJJ's defense is that it had no notice and exercised reasonable care. (R. Doc. 10, § D.) Both questions will be answered by OJJ's records and personnel: the facility's PREA hotline records; the removal of PREA

signage; what J.O.'s OJJ counselor knew and when she reported it under her duties as a mandatory reporter; the disciplinary write-ups issued to J.O.; any grievances or PREA reports J.O. submitted; OJJ's staffing, supervision, and training of Juvenile Justice Specialists; and its response to the arrests of other ACY staff in 2025. (Petition ¶¶ 9, 11-16, 27, 41-43.) None of that discovery requires testimony from Ms. Nash.

The same reasoning applies to OJJ's vicarious liability under Counts 2 and 3. Whether Ms. Nash acted within the course and scope of her employment turns on her official duties, work assignments, and authorized facility access, objective facts readily provable through OJJ's own personnel, scheduling, and post-assignment records (Petition ¶¶ 36-37, 40). Likewise, establishing the underlying misconduct does not require Ms. Nash. Plaintiff can prove the intentional torts through his own testimony, facility logs, surveillance footage, inmate phone recordings, and third-party witnesses (Petition ¶¶ 6–11). At most, this factor warrants tailored protection for Ms. Nash's individual testimony; it does not justify a stay of the entire proceeding.

2. **Ms. Nash does not provide the Court with enough information surrounding the criminal matter.**

Ms. Nash also asks for a stay with no end date: "until the related criminal matter has been resolved." (R. Doc. 9, ¶ 8.) Because she offers no information about when that might occur, the Court cannot "carefully consider the time reasonably expected for resolution of the other case," as *Wedgeworth* requires. 706 F.2d at 545.

3. **Plaintiff's interest in proceeding weighs against a stay.**

The events at issue occurred between February and May 2025. (Petition ¶¶ 6-11.) The witnesses include youths who have since left ACY and staff at a facility where several Juvenile Justice Specialists were arrested in 2025. (*Id.* ¶¶ 27, 41-42.) Much of the most

important evidence is held by OJJ in systems that may not retain it indefinitely, including facility video, which Ms. Nash herself invokes as proof of her account (Nash Answer ¶¶ 6-8); recordings of calls on the facility's inmate telephone system (Petition ¶ 6); PREA hotline records (*Id.* ¶ 11); and the disciplinary write-ups at the center of the alleged scheme (*Id.* ¶ 9).

This Court has recognized that extended delay "may compromise the memories of witnesses and may lead to a loss of evidence." *Kador*, at *29; see also Brown*, 2024 WL 472338, at *3 (weighing the risk that evidence would be lost).

In *Kador vs. Gautreaux,* , Case 3:23-cv-00011-SDD-RLB, MDL, the Court found that the Plaintiffs have an interest in an expedient resolution of their case, which had been pending for nearly two and a half years. In *Gonzalez v. Fresenius Medical,* the court denied a stay, noting that even if an indictment were to occur “tomorrow,” resolution of the case could take months.

Further, the Court said in *Kador:* “The Court is mindful that granting a stay and lengthening litigation could not only have the ‘extremely harsh consequence’ of depriving Plaintiffs of property for an extended time, but it may also jeopardize the effectiveness of their litigation. Extended time may compromise the memories of witnesses and may lead to a loss of evidence, and thus a less effective trial.”

Ms. Nash's interests are fully protected by a narrower order.

"A blanket assertion of the privilege without inquiry by the court, is unacceptable." *United States v. Goodwin*, 625 F.2d 693, 701 (5th Cir. 1980). Ms. Nash's response by writing “I plead the Fifth" to every section of the Joint Status Report, including initial disclosures, is the kind of blanket assertion the Fifth Circuit has rejected. The proper

course is for Ms. Nash to assert the privilege in response to specific questions and requests, with the Court resolving any dispute or granting a narrowed stay to Ms. Nash's testimony only. That procedure protects her without halting the case.

**4. The Court's interest favors moving the case forward.**

An open-ended stay would leave this case without a scheduling order for an unknown period. The parties did not submit proposed deadlines because of Ms. Nash's position. (R. Doc. 10, §§ H, J.) *Campbell* points to a more measured tool: narrowing discovery. 307 F.2d at 487.

In *Kador*, the Court chose a complete stay because it was persuaded that staged discovery would likely be duplicative. That risk is small here. The discovery Plaintiff seeks from OJJ involves different witnesses and records (supervisors, counselors, PREA and records personnel, and the agency's own files), and none of it needs to be repeated after the criminal matter ends.

**5. The public interest weighs against a stay.**

This case alleges the sexual abuse of a youth in state custody by a state employee and alleges that the State failed to protect the youth in its care. In *Brown*, this Court found that the public interest weighed against a stay where the case alleged serious constitutional violations by officers and claimed that their superiors ignored them, explaining that "[i]f proven true, the public interest in such behavior is significant." 2024 WL 472338, at *4. The same is apparent here.

**D. Any stay should be limited to Ms. Nash's own testimony.**

If the Court concludes that some protection is warranted, Plaintiff requests that the Court deny the motion to the extent it seeks a stay of the entire action and instead enter an order that:

(1) directs the parties to submit proposed scheduling order deadlines within twenty-one days of the order;

(2) allows all other discovery to proceed, including written discovery, document production, and depositions directed to OJJ and third parties;

(3) requires Ms. Nash, within fourteen days of the Court's order, to file a notice identifying the court and docket number of the criminal matter, the charging instrument, if any, and the next scheduled setting, and to file a status report every ninety days and within fourteen days of any disposition;

(4) defers the deposition of Ms. Nash, and interrogatories and requests for admission directed to her, for 120 days from the date of the order, without prejudice to a motion by Ms. Nash to extend that period on a showing of the status of the criminal matter; and

(5) requires that any assertion of the Fifth Amendment privilege be made in response to specific questions or requests, so that the Court may rule on it if necessary.

## IV. CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court deny Ms. Nash's *Motion to Stay Civil Proceedings Pending Resolution of Ongoing Criminal Case* (R. Doc. 9). In the alternative, Plaintiff requests that the Court limits any stay to Ms. Nash's own testimony on the terms set out in the memorandum.

Respectfully Submitted,

*<u>/s/Joseph J. Long</u>*
Joseph J. Long (LA Bar Roll #25968)
Ryan T. Hau (LA Bar Roll #41776)
251 Florida Street, Suite 308
Baton Rouge, Louisiana 70801
(225) 343-7288 (telephone)
JOE@LEGAL225.COM
RYAN@LEGAL225.COM

*Attorneys for Plaintiff, J.O.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2026, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record. I further certify that a copy was served on Defendant Keyana Nash, pro se, by United States Mail, first class postage prepaid, at 1514 Weems Ave., Lecompte, Louisiana 71346, and by electronic mail as a courtesy at keyananash@gmail.com.

*/s/Joseph J. Long*